UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

AUBREY STANLEY,

            Plaintiff,                    Case No. 2:07-cv-131

v.                                              Honorable R. Allan Edgar

DEBRA OLGER, et al.,

            Defendants.
_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.        Factual allegations

On August 11, 2006, Plaintiff was transferred to the Alger Maximum Correctional Facility (LMF). Upon arrival, a corrections officer reviewed Plaintiff's property and listed as contraband two homemade cards and a Christmas stocking, which Plaintiff had received as gifts from his daughter. On August 14, 2006, Plaintiff received a Notice of Intent to conduct an administrative hearing regarding the contraband. The hearing was conducted on August 16, 2006. The hearings officer determined that the cards and Christmas stocking must be returned to Plaintiff's home within 30 days. Plaintiff immediately filed a Step I grievance, and appealed the unfavorable response through Step III. On November 14, 2006, Debra Olger, LMF property room supervisor, informed Plaintiff that she would hold his property until he received a response to his Step III grievance. On December 18, 2006, Plaintiff received a property disposition notice from Debra Olger. Plaintiff gave his written response to the notice to Officer Zimmerman in a sealed envelope addressed to Debra Olger for deposit in the unit drop box. On January 22, 2007, Plaintiff wrote to Debra Olger informing her that he had finally received the funds to send the items designated as contraband to his home. The following day, Debra Olger informed Plaintiff that because he failed to respond to the December 18 notice, his property had been destroyed.

Plaintiff brings this action against the following LMF employees: Debra Olger, Property Room Supervisor; David Bergh, Warden; Curtis Rife, Resident Unit Manager; K. Castallo and P. Carberry, Assistant Resident Unit Managers; and W. Trierweiler, Grievance Counselor. In addition, he sues Connie Henslee and James Armstrong, Michigan Department of Corrections Administrators.

For relief, Plaintiff requests $1,000 and an order directing Defendants to hereafter follow all policies, procedures and rules pertaining to prisoners' property.

II.  Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that because Defendants failed to follow proper procedures, he was wrongfully deprived of his personal property. Although Plaintiff has not specifically identified the constitutional right he is claiming was violated by the Defendants, his factual allegations demonstrate that he is asserting a Fourteenth Amendment due process claim.

The Fourteenth Amendment provides, in part, that "[n]o State shall ... deprive any person of a . . . property interest, without due process of law." U.S. Const. amend. XIV, § 1. The Fourteenth Amendment does not protect against every deprivation of property, but only deprivations achieved without due process of law. *Parratt v. Taylor*, 451 U.S. 527, 537 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). In *Parratt,* the United States Supreme Court held that where a state actor, by a "random and unauthorized act," negligently

deprives a prisoner of his property, there is no due process violation if the state provides an adequate post-deprivation remedy. *Id.* at 541. Subsequently, in *Hudson v. Palmer*, 474 U.S. 327 (1984), the Supreme Court extended its holding in *Parratt* to include the intentional deprivation of property by a random and unauthorized act. *Id.* at 533. Because Plaintiff's claim is premised upon alleged negligent or intentional unauthorized acts of state actors, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not alleged that state post-deprivation remedies are inadequate, nor could he prove such an allegation because numerous state post-deprivation remedies are available. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ B (effective Nov. 15, 2004). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; Policy Directive, 04.07.112, ¶ B. Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a). The Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation of his property. Accordingly, I conclude that Plaintiff fails to state a due process claim.

To the extent Plaintiff is attempting to bring a claim premised on Defendants' alleged failure to follow state rules and regulations, the claim must fail. Section 1983 provides a remedy for the violation of a plaintiff's federal constitutional or statutory right. It does not, however, provide redress for the violation of state law, even if the remedies provided under state law are inadequate. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Lewellen v. Metro. Gov't of Nashville*, 34 F.3d 345, 347 (6th Cir. 1994). Thus, a state's failure to comply with its own law, rule or regulation does not by itself state a claim under § 1983. *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985). Moreover, federal courts may not order state officials to comply with their own law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).

Accordingly, I conclude that Plaintiff's complaint should be dismissed because it fails to state a claim.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: September 4, 2007

- 6 -

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).